# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                           **CRIMINAL NO. 2:14-CR-5-KS-MTP**

**RODERICK EDWARDS**

## ORDER

On June 5, 2014, Defendant Roderick Edwards pleaded guilty to conspiracy to possess 5 kilograms or more of cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. § 846. On June 19, 2014, the Court found that Defendant's conviction constituted a violation of the terms of his supervised release in another case, No. 2:09-CR-22, and sentenced him to 60 months of imprisonment. Then, on September 15, 2014, the Court sentenced Defendant to 178 months of imprisonment on the instant conviction to be served consecutively with the revocation sentence, followed by 7 years of supervised release. On February 24, 2021, Defendant filed a Motion for Compassionate Release [160] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not scheduled for release until February 2031.

First, to the extent Defendant seeks it, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of Defendant's sentence, 18 U.S.C. § 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a) provides that the shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).[1] The Guidelines provide, in relevant

---

[1] *But see United States v. Shkambi*, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that neither the sentencing commission's policy statement nor its commentary are binding on the district court's disposition of an inmate's own motion under § 3582).

2

part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . .'" *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).[2]

Defendant argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence. He is currently incarcerated at FCI Lompoc, the low security prison within the Lompoc Correctional Complex. According to the Government, as of March 8, 2021, there are no inmates with confirmed cases of COVID-19 at the facility, out of 863 inmates total. The Government also represents that 634 inmates at the facility have recovered from the illness, while 3 have died. Defendant claims that almost 1,000 cases of COVID-19 have been reported at the

---

[2] The Fifth Circuit has declined to weigh in as to whether the catch-all "other reasons" provision "delegates only to the Bureau of Prisons." *Id.* at 433 n. 4.

entire complex since the pandemic started, and that five inmates in the complex have died.

Defendant generally argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility, and that he is at a higher risk of death because he is severely obese and has an unspecified respiratory condition that causes him to experience shortness of breath with exertion and chest pains. Defendant also argues that he would not pose a danger to the community if released, describing his conviction as a "non-violent drug crime." He also notes that he has participated in numerous programs during incarceration, including drug abuse programs, and that he has had only one disciplinary infraction during his incarceration. He contends that the time he has served is sufficient to comply with the purposes of his original sentence, and he notes that there is a significant disparity between his sentence and a lower one received by a co-conspirator. Finally, Defendant claims that he would live with his parents in Florence, Mississippi, if released, and he claims that his parents have secured him a job at the power plant where they both work.

There is no consensus within the federal courts as to the precise definition of an "extraordinary and compelling reason" as contemplated by § 3582(c)(1)(A).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. Even where they have denied release, some courts have assumed that the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release. But

4

> that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

*Thompson*, 984 F.3d at 434 (citations omitted). For example, this Court has repeatedly held that the risk posed by the COVID-19 pandemic, even when exacerbated by preexisting medical conditions, does not by itself constitute an "extraordinary and compelling" reason to reduce a sentence. *See, e.g. United States v. McAfee*, 2012 WL 1341865 (S.D. Miss. Apr. 9, 2021). Other courts in this Circuit have held the same. *See United States v. Griffin*, 2021 WL 1267794, at *2 (E.D. La. Apr. 6, 2021); *United States v. Alvarez*, 2021 WL 1270494, at *3-*4 (S.D. Tex. Apr. 6, 2021); *United States v. Gardner*, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021); *United States v. Richard*, 2021 WL 107207, at *2 (S.D. Miss. Jan. 12, 2021); *United States v. Jensen*, 2020 WL 6504670, at *3 (N.D. Tex. Nov. 5, 2020); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Gildner*, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020).

In short, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020). Moreover, a defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4; *see also Thompson*, 984 F.3d at 435. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot

independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). Accordingly, the Court finds that Defendant's preexisting health conditions and the COVID-19 pandemic do not, by themselves, constitute an extraordinary and compelling reason to reduce his sentence.

The Court also finds that a reduction in sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2). Defendant, an associate of the Black Gangster Disciples street gang, was the primary source of cocaine to a drug trafficking organization in and around Bogalusa, Louisiana. He supplied drugs to a co-conspirator who sold them in the Palmer's Crossing community near Hattiesburg, Mississippi. According to the same co-conspirator, Defendant regularly received 5-9 kilogram quantities of cocaine from August 2012 through mid-February 2014, receiving an estimated 90 kilograms of cocaine over an 18-month period. The investigating agents estimated that Defendant was responsible for distributing 15-50 kilograms of cocaine. These are large quantities, and a reduction in sentence would not accurately reflect the damage that Defendant's drug distribution activities have caused to communities across at least two states, or deter similar criminal conduct in the future.

The Court also finds that a reduction in sentence would not sufficiently protect

the public from further criminal conduct by Defendant, as he has already demonstrated that he is unwilling to abide by the terms of supervised release. As noted above, Defendant was convicted in this case while on supervised release from a previous conviction, and he has not demonstrated to the Court's satisfaction that he would fare any better if released now.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 984 F.3d at 434-35. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5.

Defendant has a lot of time left to serve. The Court had good reasons to impose a lengthy sentence, which it has articulated in both this opinion and at Defendant's sentencing. The BOP's response to the pandemic – outlined in detail in the Government's brief – is sufficient given the circumstances and logistical issues presented by a prison environment. For all these reasons, the Court **denies** Defendant's Motion for Compassionate Release [160].[3]

---

[3] *See e.g. United States v. Brown*, 2020 WL 6833778 (5th Cir. Nov. 20, 2020); *United States v. Jackson*, 2020 WL 6702129 (5th Cir. Nov. 13, 2020); *United States v. Rivas*, 2020 WL 6437288 (5th Cir. Nov. 2, 2020).

SO ORDERED AND ADJUDGED this 14th day of April, 2021.

                                                                      /s/     Keith Starrett
                                                                            KEITH STARRETT
                                          UNITED STATES DISTRICT JUDGE